FILED

OCT 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IOSEFA POTOAE, | No. 08-71850 |
| Petitioner, | Agency No. A073-444-385 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2011[**]
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Petitioner, Iosefa Potoae (Potoae), a native of Somoa and lawful permanent

resident, petitions for review of the Board of Immigration Appeals (BIA) decision

finding Potoae removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i). The BIA

determined that Potoae's conviction for communicating with a minor for immoral

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

purposes, in violation of Wash. Rev. Code § 9.68A.090, constituted a crime involving moral turpitude.

The BIA correctly concluded that Potoae was removable under 8 U.S.C. § 1227(a)(2)(A)(i) for commission of a crime involving moral turpitude. We have defined moral turpitude as "conduct that is inherently base, vile, or depraved and contrary to accepted rules of morality." *Morales v. Gonzales*, 478 F.3d 972, 978 (9th Cir. 2007)*, as amended* (citations and internal quotation marks omitted). Applying this definition, we held that violation of § 9.68A.090 categorically constitutes a crime involving moral turpitude. *See id.* Our holding in *Morales* controls this case and compels the conclusion that Potoae was removable for having committed a crime involving moral turpitude.[1]

**PETITION DENIED.**

---

[1] Because we determine that Potoae was removable due to his commission of a crime involving moral turpitude, we need not and do not address the BIA's determination that Potoae was also removable due to his commission of an aggravated felony.